**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ATLANTIC SOUNDING CO., INC.                          CIVIL ACTION

VERSUS                                               NO. 10-1779

EARL PENN                                            SECTION "N" (3)

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Atlantic Sounding Co., Inc.'s Motion for Attorneys' Fees and Taxation of Costs [Doc. #22].  On January 27, 2011, the District Court referred the motion to this Court.  For the following reasons, the Court recommends that the motion be denied.

**I.     Background**

The complaint alleges as follows:

Defendant Earl Penn began work with defendant Atlantic Sounding Co., Inc. ("Atlantic" or "defendant") as an oiler on May 28, 2010.  On June 12, 2010, during the night shift, Penn informed Adam Jones that he had slipped in some oil.  Penn did not report the injury and continued working, completing his shift.  The next day, Penn asked Jones to provide him with an accident report because his back hurt.  Defendant offered Penn medical treatment but Penn declined.

Three days later, Penn asked for medical treatment and was taken to Primary Occupational Health Services, Inc., where he was diagnosed with a cervical and right shoulder sprain.  He was released to full duty with no limitations on June 19, 2010.

Penn had undergone a post-offer medical examination at defendant's request on May 4, 2010. Penn willfully concealed medical information that was material to Atlantic's decision to hire him. The concealed medical information is causally related to the injuries that Penn sustained on June 12, 2010. Atlantic thus filed this declaratory judgment action, seeking a judgment that it owes Penn no maintenance and cure.

## II.     The Parties' Contentions

### A.     Plaintiff

Unbeknownst to defendant, Penn's probation was revoked on August 27, 2010, on which date the court sentenced Penn to six years at hard labor. Since September 15, 2010, counsel for defendant communicated with counsel for plaintiff at least nine times for a variety of reasons. Atlantic argues that opposing counsel has been non-responsive and has failed to participate meaningfully in the case, thereby necessitating additional unnecessary work in the background investigation of Penn. Based on opposing counsel's failure to communicate, counsel for Atlantic argues that he had to file two motions. Atlantic had to file a motion for leave to filed an amended complaint and a motion to compel. The Court granted both motions as unopposed.

Citing 28 U.S.C. § 1927, Atlantic argues that the Court may sanction any attorney who so multiplies the proceedings. Citing *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990), defendant notes that the court sanctioned counsel for plaintiff for similar neglect of a lawsuit. Atlantic contends that opposing counsel's failure to advise it of Penn's incarceration and sentence resulted in all of the unnecessary activity that has occurred since August 27, 2010, inclusive of two unopposed motions and extensive discovery. Counsel for Atlantic argues that had he known of Penn's incarceration, none of it would have been necessary.

Specifically, Atlantic argues that opposing counsel has failed to:

(1)     Advise it of Penn's incarceration and sentence;
(2)     Answer interrogatories;
(3)     Respond to document demands;
(4)     Provide signed authorizations to facilitate obtaining medical, employment, and civil and criminal documentation and records;
(5)     Respond to its request for opposing counsel's position on the filing of the motion to amend the complaint;
(6)     Oppose the motion to amend the complaint;
(7)     Oppose the motion to compel;
(8)     Respond to its repeated requests for the professional courtesy of a return phone call or other communication; and
(9)     Engage and participate in any meaningful way in this litigation.

Such behavior, Atlantic contends, has vexatiously multiplied the proceedings in this litigation and warrants sanctions under Section 1927.

## B.     Defendant

Plaintiff served discovery requests on Penn on July 12, 2010.  At that time, Penn proceeded *pro se* in this lawsuit.  Counsel argues that Penn never provided counsel with the requests, and counsel only learned of them when opposing counsel forwarded the requests to them on September 15, 2010.  When counsel received the requests, he attempted to contact Penn.  Penn failed to respond to letters and phone calls.  Counsel contacted Freddie Winston, a friend of Penn.  During the second week of December 2010, Winston ultimately informed defense counsel that Penn was incarcerated. Counsel argues that their inability to timely communicate with Penn caused the delays in providing plaintiff with discovery responses.  Counsel notes that they could not unilaterally respond to the discovery requests without the aid of Penn.

Counsel contends that they did not oppose the motion to compel and the motion to amend because there was no basis to do so.  Counsel notes that he and a legal assistant communicated with opposing counsel numerous times regarding discovery issues, scheduling of depositions and the

issues raised in the second amended complaint.  Counsel argues that he did not respond to the

majority of opposing counsel's communications because no response was required.  Defense counsel

notes that he has filed answers to the complaint and the amended complaints, has spoken to opposing

counsel, has read opposing counsel's correspondence, gathered information to respond to discovery

requests, filed a motion to expand time to respond to discovery, reviewed the medical records

provided by plaintiff, researched various issues and continues to provide a defense ro Penn.  In short,

defense counsel argues that he has not neglected this lawsuit but that the inability to communicate

with his client has caused delays.  Defense counsel contends that their actions do not rise to the level

of vexatiousness as defined in the case law.

### III.    Law and Analysis

> Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

The decision to impose sanctions under Section 1927 falls within the district court's sound

discretion, reviewed on appeal only for abuse of that discretion. *See Travelers Ins. Co. v. St. Jude*

*Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417 (5th Cir. 1994).  Before imposing sanctions under

Section 1927, the Court must determine that the offending attorney's multiplication of the

proceedings was both "unreasonable" and "vexatious."  *See id.* at 1416 (citing *Federal Deposit Ins.*

*Corp. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)).  The latter requirement is met by evidence

of recklessness, bad faith, or improper motive.  *See id.* (citing *Hogue v. Royse City, Tex.*, 939 F.2d

1249, 1256 (5th Cir. 1991)).  Sanctions under Section 1927 may not be imposed for mere negligence

on the part of counsel.  *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (citing *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991)).

Having reviewed the docket, the motion and the opposition, the Court finds that defense counsel's conduct here does not warrant sanctions under Section 1927.  The Court finds defense counsel's conduct to be more in the nature of negligence and inadvertence rather than recklessness, bad faith or improper motive.  Counsel has averred to the Court that the difficulty in communicating with his client has caused the delays and unresponsiveness in this suit.  The Court recognizes that communicating with an incarcerated client is difficult, especially when counsel did not know of the incarceration until the second week of December 2010, approximately a week before plaintiff filed the motion for sanctions.  The Court sees no evidence of bad faith or improper motive here.

**IV.     Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that  Plaintiff Atlantic Sounding Co., Inc.'s Motion for Attorneys' Fees and Taxation of Costs [Doc. #22] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b).  A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 17th day of February, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**